UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61606-CIV-COHN/SNOW

CLIFFORD J. CIDEKO,

    Plaintiff,

v.

TRANS NATIONAL CREDIT
CORPORATION,

    Defendant.
_____/

## ORDER STRIKING DEFENDANT'S AFFIRMATIVE DEFENSES AND AWARDING ATTORNEY'S FEES TO PLAINTIFF

**THIS CAUSE** is before the Court upon Plaintiff Clifford Cideko's Motion for Rule 11 Sanctions [DE 25] and Defendant Trans National Credit Corporation's Motion for Leave to Amend Affirmative Defenses [DE 32]. The Court has considered the Motions, their respective Responses [DE 29, DE 35], and their respective Replies [DE 34, DE 38], and is otherwise duly advised in the premises.

The parties present no dispute to the Court regarding the status of affirmative defenses 1,2,3,5,6,7,8, and 9. Both parties agree that Defendant's Answer should be amended to remove these affirmative defenses. The difference of opinion arises as to whether Defendant should be sanctioned for its unwillingness to withdraw these affirmative defenses prior to Plaintiff's filing of a Motion with this Court. Plaintiff advises that he conferred with Defendant regarding this issue, and Defendant refused to withdraw the defenses. Plaintiff then served Defendant with its Rule 11 Motion, and Defendant still failed to withdraw the defenses within the 21-day "safe harbor" period.

Only upon Plaintiff's Filing the Rule 11 Motion with the Court did Defendant finally agree to withdraw the defenses. However, Defendant to date has provided no evidence of any good faith belief that these defenses could be factually or legally supported.

The "safe harbor" provision of Fed. R. Civ. P. 11 provides that a party may avoid sanctions if it simply withdraws the specified allegations or arguments within the 21-day period after the Motion is served. Although Defendant appears to have had no good faith basis for these affirmative defenses, it still refused to withdraw them even after being served with Plaintiff's Motion, necessitating the filing of this Motion with the Court. Defendant also filed a subsequent Motion for Leave to Amend Affirmative Defenses, necessitating a response from Plaintiff. All of these efforts, and the time of this Court, would have been saved if Defendant had simply agreed to withdraw the affirmative defenses within the 21-day "safe harbor" provided by Rule 11. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Rule 11 Sanctions is **GRANTED**. Affirmative Defenses 1,2,3,5,6,7,8, and 9 are **STRICKEN**. Defendant shall pay the reasonable attorney's fees incurred by Plaintiff in the advancement of this Motion. Plaintiff shall file an affidavit of the attorney's fees incurred in the advancement of this Motion on or before April 2, 2007. It is further

**ORDERED AND ADJUDGED** that Defendant's Motion for Leave to Amend Affirmative Defenses [DE 32] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of March, 2007.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record